UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RODRIGUEZ CASTRO,

Petitioner,

v. Case No.: 2:26-cv-02707-SPC-NPM

WARDEN, GLADES COUNTY *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Billy Rodriguez Castro's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Rodriguez Castro is a native of Cuba who entered the United States on August 22, 2022, to seek asylum. Immigration and Customs Enforcement (ICE) commenced removal proceedings by issuing a notice to appear and released him into the country on an order of release on recognizance. Rodriguez Castro timely applied for asylum, and he stayed out of trouble and complied with all terms of the order until August 11, 2025, when local police arrested him for driving under the influence of alcohol. ICE issued an immigration detainer and took custody of Rodriguez Castro after his release from jail on $1,000 bond.

On February 20, 2026, Immigration Judge Stuart Siegel ordered Rodriguez Castro removed to Cuba. Rodriguez Castro timely appealed, so the removal order is not administratively final. Rodriguez Castro did not receive a bond hearing until July 1, 2026, when an immigration judge denied bond because, "Respondent has not met his burden to establish that he does not present a danger to the community, and that he does not present a risk of flight." (Doc. 3-1 at 1).

The Court granted Rodriguez Castro's first habeas petition in Case No. 2:26-cv-2171-SPC-KRH and ordered the government to bring him before an immigration judge for a bond hearing that placed the burden of proof on the Department of Homeland Security. The government complied, and an immigration judge denied bond after finding Rodriguez Castro a danger to the community and a flight risk. Rodriguez Castro challenged the hearing in a post-judgment motion. The Court denied the motion because the second bond hearing complied with its habeas order.

Rodriguez Castro now argues his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because (1) he has been detained for more than six months after entry of the removal order, and (2) there is no significant likelihood of removal in the reasonably foreseeable future. But the *Zadvydas* framework applies to noncitizens detained under 8 U.S.C. § 1231 because they are subject to administratively final removal orders. Rodriguez Castro's

removal order is not administratively final because it is pending before the Board of Immigration Appeals. Rodriguez Castro is detained under 8 U.S.C. § 1226(a), and the *Zadvydas* framework does not apply. Rodriguez Castro was entitled to a bond hearing, and he received it. He is not entitled to habeas relief on any ground raised in his second petition.

Accordingly, it is hereby

**ORDERED**:

Billy Rodriguez Castro's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record